

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RAYMOND PITSICK-PEREZ, on behalf of himself, all others similarly situated, and on behalf of the general public,

Plaintiffs,

v.

SOUTHWEST AIRLINES CO.; and DOES 1-100,

Defendants.

Case No.: 25-cv-03000-DMS-BLM

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

**[ECF No. 8]**

Pending before the Court is Plaintiff's motion to remand this case to San Diego County Superior Court ("State Court"). (Mot., ECF No. 8.) Defendant filed a response in opposition, (Opp'n, ECF No. 13), and Defendant filed a reply. (Reply, ECF No. 15.) The matter is suitable for resolution without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 16.) For the following reasons, the Court grants Plaintiff's motion to remand.

## I.    BACKGROUND

Plaintiff originally filed this action in State Court on August 1, 2025, (Notice of Removal, ECF No. 1, at 1, 6), alleging violations of California's Private Attorney General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.*, for failure to (1) pay regular rate wages for

all work performed; (2) pay wages due at termination and during employment; (3) comply with itemized employee wage statements; and (4) pay employees two times per month. (*Id.*, Ex. 1, at 1.)  On November 5, 2025, Defendant removed the case to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (*Id.* at 6.)  Plaintiff now moves for remand to State Court.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit, based on federal question or diversity of citizenship of the parties and an amount in controversy that exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a), 1441(a).  An action may be removed based on diversity jurisdiction only where there is complete diversity between the parties.  *See Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "It is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter*, 582 F.3d at 1042 (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)).  "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the [district] court resolves all ambiguity in favor of remand to state court."  *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

## III.    DISCUSSION

A state-court action can be removed on diversity grounds only where there is complete diversity between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1332(a), 1441(a).  Defendant has met its burden of showing the parties are diverse.  Plaintiff is a resident and citizen of California, (Notice of Removal 8–9),

Defendant is incorporated in Texas with its principal place of business in Texas, (*id.* at 9), and Doe Defendant citizenship is disregarded when determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). Therefore, complete diversity exists.

However, Defendant fails to meet its burden of showing the requisite amount in controversy. Courts evaluate diversity jurisdiction, including the amount in controversy, at the time of removal. *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1000 (C.D. Cal. 2002). "A court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Id.* at 1001 (citation modified) (citation omitted). "The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction." (Notice of Removal 10); *Saulic v. Symantec Corp.*, No. SA-CV-07-610, 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Lindsey v. WC Logistics, Inc.*, 586 F. Supp. 3d 983, 991 (N.D. Cal. 2022) (quoting *Dart Cherokee Basin*, 574 U.S. at 87). But if a plaintiff contests the allegations, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (quoting *Dart Cherokee Basin*, 574 U.S. at 88).

Here, the Complaint does not specify a total damages sum. Defendant argues the amount in controversy exceeds $75,000, based on the following calculations:

| Basis | Amount in Controversy |
| --- | --- |
| Attorneys' Fees Through Trial | Exceeds $100,000 |
| PAGA Penalties—Failure to Pay Straight Wages | $6,100 ($100 initial violation + ($200 subsequent violations * 30 pay periods)) |

| PAGA Penalties—Failure to Pay Wages Upon Termination | $6,100 ($100 initial violation + ($200 subsequent violations * 30 pay periods)) |
| PAGA Penalties—Failure to Provide Accurate Wage Statements and Payroll Records | $3,600 (($100 initial violation * 31 pay periods) + $500) |
| PAGA Penalties—Failure to Pay Wages Twice per Month | $6,100 ($100 initial violation + ($200 subsequent violations * 30 pay periods)) |
| **Total** | **Exceeds $121,900** |

(Notice of Removal 12–15).   In its Opposition, (Opp'n 8), Defendant changes the calculation of the amount in controversy as follows:

| **Basis** | **Amount in Controversy** |
| --- | --- |
| Attorneys' Fees Through Trial | $88,125 |
| PAGA Penalties—Failure to Pay Straight Wages | $7,100 ($100 initial violation + ($200 subsequent violations * 35 pay periods)) |
| PAGA Penalties—Failure to Pay Wages Upon Termination | $7,100 ($100 initial violation + ($200 subsequent violations * 35 pay periods)) |
| PAGA Penalties—Failure to Provide Accurate Wage Statements and Payroll Records | $4,100 (($100 initial violation * 36 pay periods) + $500) |
| PAGA Penalties—Failure to Pay Wages Twice per Month | $7,100 ($100 initial violation + ($200 subsequent violations * 35 pay periods)) |
| Plaintiff's Service Award | $12,500 |
| **Total** | **$126,025** |

"The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). PAGA provides that "[a]ny employee who prevails in any action shall be entitled to an award of reasonable attorney's fees." Cal. Lab. Code § 2699(k)(1).

Plaintiff argues this Court should calculate attorneys' fees by utilizing a percentage method and points to several district courts in PAGA cases that calculate attorneys' fees at 25 percent of the plaintiff's individual PAGA penalties. (Mot. 15); *see, e.g.*, *Evers v. La-*

*Z-Boy Inc.*, No. 22CV578, 2022 WL 4379311, at *3 (S.D. Cal. Sept. 22, 2022); *Coffin v. Magellan HRSC, Inc.*, No. 19-CV-2047, 2020 WL 773255, at *6 (S.D. Cal. Feb. 18, 2020); *Mendoza v. Movement Mortg., LLC*, No. 24-CV-03479, 2025 WL 1646897, at *5 (E.D. Cal. June 11, 2025). Defendant argues that because PAGA is a fee-shifting statute, the Court must utilize the lodestar method. (Opp'n 10); *Cacon v. Litke*, 105 Cal. Rptr. 3d 214, 233 (Ct. App. 2010) (noting the California Supreme Court has "reaffirmed the primacy of the lodestar method for *all* fee-shifting statutes"); *Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1072 (N.D. Cal. 2018) (holding PAGA's fee-shifting statute requires a lodestar calculation when determining attorneys' fees). Other courts exercise "discretion to choose between the lodestar and percentage method in calculating fees." *Evers*, 2022 WL 4379311, at *3 (citing *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010)). Regardless of the method used, Defendant fails to meet its burden.

### A. Lodestar Method

"The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (citations omitted). Defendant argues that, when applying an estimate of 150 hours at rates of $650 and $525 per hour (assuming a 50/50 split of hours between the rates), the request for attorneys' fees amounts to $88,125. (Opp'n 11–12.) Plaintiff argues that "only Plaintiff's pro-rata share of the attorney's fees is attributable to the amount in controversy." (Mot. 15 (citing *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 850 n.2 (9th Cir. 2020) and *Cohen v. Regal Cinemas, Inc.*, No. 2:25-cv-00770, 2025 WL 1860286, at *9 (E.D. Cal. July 3, 2025)).) Even so, Defendant argues: (1) courts have recognized that an attorney handling an individual wage and hour case "typically spends far more than 100 hours on the case[,]" and (2) Plaintiff's counsel, David Mara, previously submitted a declaration in Los Angeles Superior Court, stating that he and associate Matthew Crawford spent a total of 156 hours litigating a wage and hour case (82 and 74 hours), at rates of $800 and $600 per hour,

5

respectively.  (Opp'n 11–12; *id.*, Decl. of Andrew B. Dizon in Supp. of Opp'n ("Dizon Decl.") ¶ 2, Ex. A, at 15–16.)  Defendant argues that applying a "conservative estimate of 150 hours associated with litigating Plaintiff's individual PAGA claim," and "reduced rates" of $650 and $525 per hour (derived from *Ott v. Cooper Interconnect, Inc. A Corp.*, No. 2:23-cv-04501, 2023 WL 5530028, at *3 (C.D. Cal. Aug. 25, 2023)), the request for fees amounts to $88,125.[1]  (Opp'n 11–12.)  The Court does not find these arguments persuasive.

First, Mr. Mara's declaration was submitted in support of a motion for approval of a PAGA settlement.  (*Id.*, Dizon Decl. ¶ 2, Ex. A, at 6.)  Many of the tasks Mr. Mara includes when determining the hours spent litigating the case were undoubtedly performed on behalf of the entire PAGA class, such as "revising mediation brief and mediation damage and exposure model"; "review[ing] and revis[ing] the settlement agreement and the notice to the aggrieved employees"; "reviewing and revising PAGA settlement approval motion and supporting papers"; and "review[ing] Settlement Administrator's declaration."  (*Id.*, Dizon Decl. ¶ 2, Ex. A, at 15–16.)  Thus, Mr. Mara's declaration alone is insufficient to prove the attorneys' fees amount to $88,125 for Plaintiff's individual PAGA claim.

Defendant also argues that counsel in an individual wage and hour case "*typically* spends far more than 100 hours on the case[,]" citing *Swans v. Fieldworks, LLC*, No. 22CV07250, 2023 WL 196918, at *3 (C.D. Cal. Jan. 17, 2023) (emphasis added); *see also Hernandez v. Aramark Food & Support Servs. Grp., Inc.*, No. 20-CV-03633, 2020 WL 5496172, at *5 (N.D. Cal. Sept. 11, 2020) (similar); *Lippold v. Godiva Chocolatier, Inc.*, No. C 10-00421, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010) (similar).  However, those cases are distinguishable from the present case.  *Swans* involved "nine causes of action alleging a wide range of wage and hour violations."  *Swans*, 2023 WL 196918, at *1.  Similarly, *Hernandez* involved eight causes of action, including failure to pay

---

[1] Defendant assumes a 50/50 split of hours between Messrs. Mara and Crawford based on representations in Mr. Mara's declaration.  (*See* Opp'n 12 n.4.)

overtime, provide meal and rest breaks, and reimburse necessary business expenses—all separate and distinct Labor Code violations. *See Hernandez*, 2020 WL 5496172, at *1. And, *Lippold* involved eight causes of action, including unpaid overtime, meal and rest break violations, and failure to timely pay wages during employment and upon termination.[2] In contrast, Plaintiff argues the "the issues in this case are incredibly narrow" in that "[t]he case centers on whether Defendant was required to pay for time aggrieved employees spent waiting for and taking the shuttle to and from a remote parking lot," and the three remaining claims are derivative. (Reply 5.) Defendant does not sufficiently show, either through the cited cases or other evidence, that the circumstances of this case are such that this is the "typical" individual wage and hour action that requires 150 hours or more of work. Because the Court must "resolve all ambiguity in favor of remand," *Hunter*, 582 F.3d at 1042, Defendant has failed to show a Lodestar attorneys' fees calculation in this case would approximate $88,125.

## B. 25% Benchmark

When determining the amount in controversy in a PAGA case, the percentage method calculates attorneys' fees by taking 25% of the total potential liabilities for PAGA penalties. *See Coffin*, 2020 WL 773255, at *5–6. Even using Defendant's highest civil penalty estimate of $25,400, the amount in controversy with attorneys' fees would be $31,750 ($25,400 for Defendant's penalty estimation + $6,350 for attorney's fees (i.e., 25% of $25,400) = $31,750).[3] (Reply 4.) This falls well short of the $75,000 threshold.

---

[2] *Lippold* also attributed all of the attorneys' fees, for individual and class-wide damages, to the named plaintiff alone. *See Mitchell v. Grubhub Inc.*, No. CV1505465, 2015 WL 5096420, at *7 (C.D. Cal. Aug. 28, 2015) (finding the defendant's reliance on *Lippold* unpersuasive when calculating attorneys' fees to determine the amount in controversy).

[3] Even considering Plaintiff's representative service award—which Plaintiff disputes applies—the amount in controversy would only be $44,250.

1    Regardless of the method used for calculating attorneys' fees, Defendant has not met

2    its burden of establishing the amount in controversy exceeds the jurisdictional minimum.

3    The Court therefore lacks subject matter jurisdiction.

## IV.    CONCLUSION

4

5    For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand and

6    **REMANDS** this action to the State Court.

7    Dated:  January 15, 2026

8    _____

9    Hon. Dana M. Sabraw
     United States District Judge